Michael Faillace
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**


| | |
|---|---|
| MARCIAL FLORES, *individually and on behalf of others similarly situated,* | 15-CV-3387 |
| *Plaintiff,* | **SECOND AMENDED COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| SKY BAR TIMES SQUARE INC. (d/b/a SKY ROOM & BAR), A-1 CONTRACT STAFFING, INC., PM HOSPITALITY GROUP INC., ALFRED M. SOMEKH, DAVID LIFSCHITZ, PEGGY MILLARD, THIERRY POMIES and MELVIN KLINGHOFFER, | **ECF Case** |
| *Defendants.* | |

Plaintiff Marcial Flores individually and on behalf of others similarly situated

("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon

information and belief, and as against each of Defendants Sky Bar Times Square Inc. (d/b/a Sky

Room & Bar), A-1 Contract Staffing, Inc., PM Hospitality Group, Inc. ("Defendant

Corporations"), Alfred M. Somekh, David Lifschitz, Peggy Millard, Thierry Pomies and Melvin

Klinghoffer (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1.      Plaintiff Flores was an employee of Defendants Sky Bar Times Square Inc. (d/b/a

Sky Room & Bar), A-1 Contract Staffing, Inc., PM Hospitality Group, Inc., Alfred M. Somekh,

David Lifschitz, Peggy Millard, Thierry Pomies and Melvin Klinghoffer who own and/or operate Sky Room & Bar.

2.  Sky Room & Bar is a bar owned and/or operated by Alfred M. Somekh and David Lifschitz., Peggy Millard, Thierry Pomies and Melvin Klinghoffer, located at 330 W. 40th Street, New York, New York 10018.

3.  Upon information and belief, Defendants Peggy Millard, Thierry Pomies and Melvin Klinghoffer assisted Defendants Alfred M. Somekh and David Lifschitz in the management and operation of Sky Room & Bar.

4.  Upon information and belief, Defendants Alfred M. Somekh, David Lifschitz, Peggy Millard, Thierry Pomies and Melvin Klinghoffer serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the bar as a joint or unified enterprise.

5.  Plaintiff Flores was an employee of Defendants.

6.  Plaintiff Flores was ostensibly employed as a busboy and barback, but he was required to spend several hours each day performing non-tipped duties unrelated to busboy and barback work, including sweeping and mopping, moving coat hangers from the 33rd floor to the lobby, moving couches from one floor to another, cleaning the ice maker, shining cups after the wash, carrying beer cases and liquor boxes up the stairs from one floor up to another, and cleaning the refrigerator (hereinafter non-tip duties).

7.  Plaintiff Flores regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that he worked each week.

8.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Flores appropriately for any hours worked.

9.      Defendants employed and accounted for Plaintiff Flores as a busboy/barback in their payroll, but in actuality his duties included greater or equal time spent performing the non-tipped functions such as those alleged above.

10.      Regardless, at all times, Defendants paid Plaintiff Flores and all other busboy/barbacks at a rate that was lower than the required tip-credit rate.

11.      In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Flores' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.      Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Flores' actual duties in payroll records to avoid paying Plaintiff Flores  at the minimum wage rate, and to enable them to pay Plaintiff Flores at the lower tip-credited rate (which they still failed to pay), by designating him as a busboy/barback  instead of a non-tipped employee.

13.      Defendants' conduct extended beyond Plaintiff Flores to all other similarly situated employees.

14.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores  and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Flores now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Flores seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Flores' state law claims is conferred by 28 U.S.C. § 1367(a).

18.     This court may exercise personal jurisdiction over Defendants as they regularly conduct continuous and systematic business in New York in such a manner and to such an extent as to be subject to this Court's jurisdiction

19.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Flores was employed by Defendants in this district.

4

## PARTIES
*Plaintiff*

20.     Plaintiff Marcial Flores ("Plaintiff Flores") is an adult individual residing in Queens, New York.  Plaintiff Flores was employed by Defendants from approximately February 2011 until on or about February 2013 and from approximately March 2014 until March 27, 2015.

21.     At all relevant times to this complaint, Plaintiff Flores was employed by Defendants as a busboy from 2011 to 2013 and as a barback from 2014 to 2015 at Sky Room & Bar located at 330 W. 40th Street, New York, New York 10018.

22.     Plaintiff Flores consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     Defendants own, operate and/or control a bar located at 330 W. 40th Street, New York, New York 10018 under the name of Sky Room & Bar, at all times relevant to this complaint.

24.     Upon information and belief, Defendant Sky Bar Times Square Inc. ("Defendant Corporation Sky Bar") is a corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 330 W. 40th Street, New York, New York 10018.

25.     Upon information and belief, Defendant PM Hospitality Group, Inc. ("Defendant Corporation PM Hospitality") is a corporation organized and existing under the laws of the State

of New York.  Upon information and belief, it maintains its principal place of business at 560

West 43rd St., New York, New York 10036.

26.     Upon information and belief, Defendant A-1 Contract Staffing Inc.  ("Defendant

Corporation A-1 Contract") is a corporation organized and existing under the laws of the State of

Florida.  Upon information and belief, it maintains its principal place of business at 3829

Coconut Palm Drive, Tampa, Florida 33619.

27.      Defendant Alfred M. Somekh is an individual engaging (or who was engaged) in

business within this judicial district during the relevant time period.

28.     Defendant Alfred M. Somekh is sued individually in his capacity as an owner,

officer and/or agent of Defendant Corporation Sky Room.

29.     Defendant Alfred M. Somekh possesses or possessed operational control over

Defendant Corporation Sky Room, an ownership interest in Defendant Corporation Sky Room,

or controlled significant functions of Defendant Corporation Sky Room.

30.     Defendant Alfred M. Somekh determined the wages and compensation of

employees, including Plaintiff Flores, established the schedules of employees, maintained

employee records, and had the authority to hire and fire employees.

31.     Defendant David Lifschitz is an individual engaging (or who was engaged) in

business within this judicial district during the relevant time period.

32.     Defendant David Lifschitz is sued individually in his capacity as an owner, officer

and/or agent of Defendant Corporation Sky Room.

6

33.     Defendant David Lifschitz possesses or possessed operational control over Defendant Corporation Sky Room, an ownership interest in Defendant Corporation Sky Room, or controlled significant functions of Defendant Corporation Sky Room.

34.     Defendant David Lifschitz determined the wages and compensation of employees, including Plaintiff Flores, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

35.     Defendant Peggy Millard is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

36.     Defendant Peggy Millard is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation PM Hospitality.

37.     Defendant Peggy Millard possesses or possessed operational control over Defendant Corporation PM Hospitality, an ownership interest in Defendant Corporation PM Hospitality, or controlled significant functions of Defendant Corporation PM Hospitality.

38.     Defendant Peggy Millard determined the wages and compensation of employees, including Plaintiff Flores, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

39.     Defendant Thierry Pomies is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

40.     Defendant Thierry Pomies is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation PM Hospitality.

7

41.     Defendant Thierry Pomies possesses or possessed operational control over Defendant Corporation PM Hospitality, an ownership interest in Defendant Corporation PM Hospitality, or controlled significant functions of Defendant Corporation PM Hospitality.

42.     Defendant Thierry Pomies determined the wages and compensation of employees, including Plaintiff Flores, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

43.     Defendant Melvin Klinghoffer is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

44.     Defendant Melvin Klinghoffer is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation A-1 Contract.

45.     Defendant Melvin Klinghoffer possesses or possessed operational control over Defendant Corporation A-1 Contract, an ownership interest in Defendant Corporation A-1 Contract, or controlled significant functions of Defendant Corporation A-1 Contract.

46.     Defendant Melvin Klinghoffer determined the wages and compensation of employees, including Plaintiff Flores, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

47.     Defendants operate a bar located at 330 W. 40th Street, New York, New York 10018, which, on information and belief, also serves as the central office of the business.

48.     Individual Defendants Alfred M. Somekh, David Lifschitz, Thierry Pomies, Peggy Millard and Melvin Klinghoffer possess operational control over Defendant Corporations,

8

possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

49.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

50.     Each Defendant possessed substantial control over Plaintiff Flores' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Flores, and all similarly situated individuals, referred to herein.

51.     Defendants jointly employed Plaintiff Flores, and all similarly situated individuals, and are Plaintiff Flores' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

52.     In the alternative, Defendants constitute a single employer of Plaintiff Flores and/or similarly situated individuals.

53.     Upon information and belief, Individual Defendants Alfred M. Somekh, David Lifschitz, Thierry Pomies, Peggy Millard and Melvin Klinghoffer operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

    (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

    (b)     defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

9

(c)      transferring assets and debts freely as between all Defendants;

(d)      operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)      operating Defendant Corporations for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)      intermingling assets and debts of their own with Defendant Corporations;

(g)      diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)      other actions evincing a failure to adhere to the corporate form.

54.      At all relevant times, Defendants were Plaintiff Flores' employers within the meaning of the FLSA and NYLL.

55.      Defendants had the power to hire and fire Plaintiff Flores, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Flores' services.

56.      In each year from 2011 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

57.      In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the bar on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

10

58.     Plaintiff Flores is a former employee of Defendants, who was ostensibly employed as a busboy and barback, but had to do a variety of non-tip tasks at the bar, including those outlined above.

59.      Plaintiff Flores seeks to represent a class of similarly situated individuals under 29 U.S.C.  § 216(b).

*Plaintiff Marcial Flores*

60.     Plaintiff Flores was employed by Defendants from approximately February 2011 until on or about February 2013 and from approximately March 2014 until on or about March 27, 2015.

61.     Plaintiff Flores was ostensibly employed by Defendants as a busboy from 2011 to 2013 and as a barback from 2014 to 2015.

62.     However, throughout his employment, Plaintiff Flores spent over two hours of each work day performing the non-tip duties outlined above

63.     Plaintiff Flores regularly handled goods in interstate commerce, such as alcoholic drinks and other supplies necessary to perform his duties that were produced outside of the State of New York.

64.      Plaintiff Flores' work duties required neither discretion nor independent judgment.

65.     Throughout his employment with Defendants, Plaintiff Flores regularly worked in excess of 40 hours per week.

66.     From approximately February 2011 until on or about February 2013, Plaintiff Flores worked from approximately 3:30 p.m. until on or about 5:15 a.m. 2 days a week and from

11

approximately 3:30 p.m. until on or about 2:30 a.m. 2 days a week from October through March (typically 49.5 hours per week).

67.     From approximately February 2011 until on or about February 2013, Plaintiff Flores worked from approximately 3:30 p.m. until on or about 5:15 a.m. 2 days a week and from approximately 3:30 p.m. until on or about 2:30 a.m. 4 days a week from April through September (typically 71.5 hours per week).

68.     From approximately March 2014 until on or about March 27, 2015 Plaintiff Flores regularly worked from approximately 3:30 p.m. until on or about 5:15 a.m. 2 days a week and from approximately 3:30 p.m. until on or about 2:30 a.m. 1 or 2 days a week from October through March (typically 38.5-49.5 hours per week).

69.     From approximately March 2014 until on or about March 27, 2015 Plaintiff Flores regularly worked from approximately 3:30 p.m. until on or about 5:15 a.m. 2 days a week and from approximately 3:30 p.m. until on or about 2:30 a.m. 4 days a week from April through September (typically 71.5 hours per week).

70.     Defendants paid Plaintiff Flores his weekly wages by check.

71.     From approximately February 2011 until on or about February 2013, Plaintiff Flores was paid $5.00 for the base hours and $8.75 for some of the overtime hours.

72.     From approximately March 2014 until March 27, 2015, Plaintiff Flores was paid $5.00 per hour for the base hours and $8.75 for some of the overtime hours.

73.     Plaintiff Flores' pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

74. For example, twice a week defendants required Plaintiff Flores to punch out at 4:30 a.m. and to wait until they calculated his daily tips at 5:15 a.m. and did not pay him for the additional time.

75. Defendants never granted Plaintiff Flores a meal break or rest period of any kind.

76. Although Plaintiff Flores was required to keep track of his time, the time record kept by defendant was false since it did not reflect the additional 45 minutes they required Plaintiff Flores to wait for his tips twice a week after they had required him to punch out.

77. Defendants did not provide Plaintiff Flores with any document or other statement truthfully accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

78. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Flores regarding wages as required under the FLSA and NYLL.

79. Plaintiff Flores was never notified by the Defendants that his tips would be included as an offset for wages.

80. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Flores' wages.

81. Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

82. Defendants required Plaintiff Flores to purchase "tools of the trade" with his own funds—including 4 polo shirts for $20 each and 4 black dress pants for $40 each. Thus, the total cost of the "tools of the trade" Plaintiff Flores was required to purchase was approximately $240.

13

*Defendants' General Employment Practices*

83.     Defendants regularly required Plaintiff Flores to work in excess of forty (40) hours per week without paying him the required minimum wage and overtime compensation.

84.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

85.     Defendants required Plaintiff Flores to perform several non-tip tasks for a considerable part of each work day, in addition to his primary role as busboy and barback. These responsibilities included those outlined above.

86.     These extra responsibilities constituted a significant portion of Plaintiff Flores' hours worked.

87.     Plaintiff Flores was employed ostensibly as a tipped employee by Defendants, although his actual duties included much greater time spent in non-tipped functions.

88.     Plaintiff Flores and all other busboys and barbacks were paid at a rate that was lower than the tip-credit rate required by NYLL.

89.     In addition, under state law Defendants were not entitled to a tip credit because Plaintiff Flores' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R.§ 146).

90.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day...in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R.§§137-3.3 and 137-3.4).Similarly, under

14

federal regulation 29 C.F.R.§531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

91.     Plaintiff Flores' duties were not incidental to his occupation as a busboy, but instead constituted entirely unrelated occupations with non-tip duties such as those outlined above. While performing these duties, Plaintiff Flores did not receive tips; therefore, they constituted non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that Plaintiff Flores worked in these roles.

92.     In violation of federal and state law as codified above, Defendants classified Plaintiff Flores and other busboys and barbacks as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

93.     Defendants' pay practices resulted in Plaintiff Flores not receiving payment for all his hours worked, resulting in Plaintiff Flores' effective rate of pay falling below the required minimum and overtime wage rate.

94.     Plaintiff Flores has been a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

95.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Flores by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

96.     At no time did Defendants inform Plaintiff Flores that they had reduced his hourly wage by a tip allowance.

15

97.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

98.     Defendants also failed to post required wage and hour posters in the bar, and did not provide Plaintiff Flores with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Flores' relative lack of sophistication in wage and hour laws.

99.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Flores (and similarly situated individuals) worked, and to avoid paying Plaintiff Flores properly for his full hours worked, including minimum wage, overtime, and spread of hours pay.

100.     Defendants failed to provide Plaintiff Flores and other employees with wage statements at the time of payment of wages, containing: the  dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

101.     Defendants failed to provide Plaintiff Flores and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether

16

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

102. Plaintiff Flores brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Sky Room & Bar (the "FLSA Class").

103. At all relevant times, Plaintiff Flores and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, and the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

104. The claims of Plaintiff Flores stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

105.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

106.    At all times relevant to this action, Defendants were Plaintiff Flores' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Flores (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

107.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

108.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

109.    Defendants failed to pay Plaintiff Flores (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

110.    Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

111.    Plaintiff Flores (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

112.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

18

113.    Defendants, in violation of the FLSA, failed to pay Plaintiff Flores (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

114.    Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

115.    Plaintiff Flores (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

116.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

117.    At all times relevant to this action, Defendants were Plaintiff Flores' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Flores (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

118.    Defendants, in violation of the NYLL, paid Plaintiff Flores  (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

119.    Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) minimum wage was willful within the meaning of N.Y.  Lab. Law § 663.

120.   Plaintiff Flores (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS

121.   Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

122.   Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Flores (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

123.   Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

124.   Plaintiff Flores (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

125.   Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

126.   Defendants failed to pay Plaintiff Flores (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff

20

Flores' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

127. Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) an additional hour's pay for each day Plaintiff Flores' (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

128. Plaintiff Flores (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

129. Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

130. Defendants failed to provide Plaintiff Flores s with a written notice, in English and in Spanish (Plaintiff Flores' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

131. Defendants are liable to each Plaintiff Flores in the amount of $2,500, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

132. Plaintiff Flores repeats and realleges all paragraphs above as though set forth fully herein.

133. Defendants did not provide Plaintiff Flores s with wage statements upon each

21

payment of wages, as required by NYLL 195(3).

134.     Defendants are liable to each Plaintiff Flores in the amount of $2,500, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Flores respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Flores in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Flores' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Flores and the FLSA class members;

(f)     Awarding Plaintiff Flores and the FLSA class members damages for the amount

of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Flores and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages;

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Flores and the members of the FLSA Class;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Flores and the members of the FLSA Class;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Flores and the members of the FLSA Class;

(k)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Flores' and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Flores and the FLSA Class members;

(m)      Awarding Plaintiff Flores and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)      Awarding Plaintiff Flores and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

23

(o)    Awarding Plaintiff Flores  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff Flores  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 28, 2015

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                                    _____/s/ Michael A. Faillace_____
                                    By:    Michael A. Faillace [MF-8436]
                                           60 East 42nd Street, Suite 2540
                                           New York, New York 10165
                                           (212) 317-1200
                                           *Attorneys for Plaintiff*